IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ANDREW LEE MILBY,

      Petitioner,

      v.                                CRIMINAL ACTION NO. 4:21-cr-57

UNITED STATES OF AMERICA,

      Respondent.

### *MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Andrew Lee Milby's ("Petitioner") *pro se* Motion Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("*pro se* Motion"). Mot., ECF No. 33. Petitioner seeks to challenge his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Mot. at 1. Petitioner requests appointment of counsel to assist with his Motion. *Id.* at 2. For the reasons set forth below, Petitioner's *pro se* Motion is construed as a Motion to Vacate, Set Aside and/or Correct Sentence under 28 U.S.C. § 2255, and the Motion is **DISMISSED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

On September 13, 2021, Petitioner was named in a three-count Indictment charging him with Possession with Intent to Distribute Methamphetamine and Fentanyl, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) (Counts 1 and 2), and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1) (Count 3). ECF No. 1. On November 30, 2021, Petitioner pled guilty to Count 3 pursuant to a written plea agreement. ECF

1

Nos. 15–16. On March 30, 2022, the Court sentenced Petitioner to 120 months in prison. J., ECF No. 29.

Petitioner filed his *pro se* Motion on February 12, 2024. On February 22, 2024, the Court issued a Memorandum Order providing Petitioner with notice pursuant to *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). ECF No. 34. As stated in the Court's *Emmanuel* notice, the Court intends to construe Petitioner's *pro se* Motion as a Motion to Vacate, Set Aside and/or Correct a Sentence under 28 U.S.C. § 2255 ("§ 2255 motion") because he seeks to challenge his conviction and sentence. *See* ECF No. 34. The Court ordered Petitioner to respond within thirty days and admonished him that failure to respond would lead the Court to construe his *pro se* Motion as a § 2255 motion. *Id.* at 6.

Petitioner has not responded to the Court's *Emmanuel* notice, so the Court will construe Petitioner's *pro se* Motion as a § 2255 motion.

## II.   LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). In a motion under § 2255 ("§ 2255 motion"), the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). *Pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Petitioners have a one-year period of limitation to file a § 2255 motion. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014). The limitations period is measured from the latest of:

2

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). To determine whether Petitioner has timely filed his motion, the Court must measure one year from the most recent date provided by § 2255(f) subsections (1) through (4).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her]

actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## III.   DISCUSSION

Petitioner's § 2255 Motion is untimely and it is not saved by equitable tolling. First, Petitioner filed the Motion more than one year after the judgment of conviction became final. § 2255(f)(1). An unappealed federal criminal judgment becomes "final on the date upon which [Petitioner] decline[s] to pursue further direct appellate review." *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Here, the Court entered Judgment on March 30, 2022. *See* J. Petitioner had 14 days thereafter to file a direct appeal, but he did not, meaning his sentence became final on April 13, 2022. Petitioner filed the § 2255 Motion over one year later on February 12, 2024.

Second, Petitioner filed the Motion over one year after the Supreme Court issued its decision in *Bruen* on June 23, 2022. Although it is not clear that *Bruen* newly recognized a right that is retroactively applicable here,[1] even if it did, Petitioner's Motion is still untimely and he cannot avail himself of the *Bruen* decision to challenge his conviction. § 2255(f)(3).

Third, Petitioner does not allege any facts that would make his Motion timely under the remaining time frames under § 2255(f). § 2255(f)(2), (4). Finally, Petitioner has not argued or shown that there are any extraordinary circumstances to equitably toll the statute of limitations. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting a time-barred petitioner may be entitled to equitable tolling only if he establishes "(1) extraordinary circumstances, (2) beyond

---

[1] *See Folk v. Sage*, No. 3:23-cv-71, 2023 WL 5211631, at *3 n.3 (M.D. Pa. Aug. 14, 2023) (explaining that *Bruen* was not a criminal case, did not address felon in possession statues, and did not state that it recognized a new right, but instead clarified the appropriate test to evaluate Second Amendment claims and applied that test to a non-criminal state law).

his control or external to his own conduct, (3) that prevented him from filing on time" (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (ECF No. 33) is **DISMISSED.**

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**.

The Court **ADVISES** Petitioner that he may appeal this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to provide a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED**.

Newport News, Virginia
June  //   , 2024

Raymond A. Jackson
United States District Judge

5